IN THE UNITED SATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM D. SULLIVAN | } | |
| | } | |
| Plaintiff | } | |
| | } | |
| v. | } | CIVIL ACTION NO. H-05-3913 |
| | } | |
| LEOR ENERGY LLC and | } | |
| LEOR ENERGY LP, | } | |
| | } | |
| Defendants | } | |

**MEMORANDUM OPINION ON**
**DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is the motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6) filed by Defendants Leor Energy LLC and Leor Energy LP. Instrument No. 16. Plaintiff William D. Sullivan's First Amended Complaint alleges breach of contract, *quantum meruit*, unjust enrichment, estoppel, detrimental reliance, and fraud. Instrument No. 14. In essence Sullivan's lawsuit maintains that he served as the president and chief executive officer of one of the two "Leor" defendants for a short period of time in the summer of 2005 pursuant to a "tentative[ ]" agreement reached in May 2005. Paragraph 9 of the First Amended Complaint, Instrument No. 14. In the same time frame "Leor asked if they could use Sullivan's name as CEO to promote the value of the company and its Robertson County assets in seeking investment to finance the project. Sullivan declined until the terms of the agreement between he [sic] and Leor could be worked out." Paragraph 10 of Instrument No. 14. The First Amended Complaint further alleges, "In June of 2005, Sullivan conducted a due diligence review of Leor and its subsidiary companies and reviewed

n/a

...

draft employment agreements provided to him by Leor. Likewise, representatives of Leor met with Sullivan to discus the basic terms of his employment. The parties later agreed upon the basic terms of the agreement and contemplated a final execution of Sullivan's employment agreement." Paragraph 11 of Instrument No. 14. During the week of June 13 Leor met with potential investors in London and presented an offering brochure that included Sullivan's name and biography identifying him as president and CEO of Leor. Paragraph 12 of Instrument No. 14. Further, Sullivan alleges that he fulfilled his obligations as an employee under the employment agreement, and his efforts resulted in a letter of intent and a closed deal with an oil company in late July or early August 2005, "largely due to Sullivan's involvement." This financing deal allowed Leor to begin oil exploration on the Robertson County properties. Paragraph 13 of Instrument No. 14. Nevertheless, within days of securing the financing, Leor terminated Sullivan's employment. Sullivan alleges "Leor has refused to honor the contract and pay Sullivan the contracted amount for his services. Accordingly, Sullivan is entitled to the numerous remedies provided in paragraph 3 of the contract including, but not limited to severance pay of $180,000." Paragraph 17 of Instrument No. 14.

Sullivan does not attach a copy of the employment agreement, of which Sullivan and Leor contemplated a final execution, but the two Leor entities named as defendants in the First Amended Complaint do attach a copy of the last version of the unsigned agreement dated July 18, 2005, to their Motion to Dismiss. Instrument No. 16, Exhibit A. This draft employment agreement is not evidence extrinsic to the complaint because it is repeatedly referred to in the second amended complaint. The draft employment contract can be considered part of the pleadings if the allegations of the amended complaint rely upon, refer to or incorporate the draft contract. *Collins v. Morgan*

*Stanley Dean Witter,* 224 F. 3d 496, 498-499 (5th Cir. 2000); *Manufacturer Marketing, Ltd. v. Virginia Abrasives Corp*. No. 03-CV-1157-L, 2004 WL 1435549 (N.D. Tex. June 24, 2004). The repeated references to and reliance upon the draft employment contract and its terms amounts to an incorporation in the complaint.

Defendants first challenge, pursuant to Fed. R. Civ. P. 8(a), is to Sullivan's collective allegations against them: his failure "to attribute wrongful conduct to each entity, without which, neither entity has adequate notice of the claims asserted against each respective entity." Instrument No. 16, at 5. Sullivan has cleverly lumped the two Leor entities together, despite the fact that the draft agreement is between Sullivan and Leor Energy LLC. This defect in the pleading could be corrected by repleading, and the Court would not ordinarily dismiss the first amended complaint without first allowing Sullivan to attempt to give better notice to the Defendants. In light of the rest of the Court's rulings on the motion, however, a ruling on this issue is unnecessary.

The heart of the 12(b)(6) motion to dismiss is the Defendants' claim that Sullivan's breach of contract claim is barred by the Texas statute of frauds. Defendants recognize that the statute of frauds is an affirmative defense, and that a 12(b)(6) motion is not ordinarily granted on an affirmative defense. Nevertheless, Defendants argue that if the defense appears on the face of the complaint and the documents referred to, a 12(b)(6) motion to dismiss may be granted. *Cf. Manufacturer Marketing, Ltd. v. Virginia Abrasives Corp*., No. Civ.A.3:03-CV-1157-l, 2004 WL 1435549 (N.D. Tex. June 24, 2004); *Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir. 1981); *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Quille*r *v. Barclays American/Credit Inc*., 727 F.2d 1067, 1069 (11th Cir. 1984). In essence Sullivan is attempting to enforce the draft employment contract, which he cannot do because the

statute of frauds bars enforcement of employment contracts that cannot be performed within one year unless the contract is reduced to writing and signed by the parties. TEX. BUS. & COM. CODE ANN. Sec. 26.01(a), (b)(6); *Farone v. Bag'n Baggage, Ltd.*, 165 S.W. 3d 795, 801 (Tex. Ct. App.–Eastland, 2005, no pet.).  In his amended complaint Sullivan alleges that he is entitled to "numerous remedies," including $180,000 in severance pay as specified in paragraph 3 of the draft employment contract. Paragraph 17 of Instrument No.14.  The draft employment contract states expressly that Leor LLC agrees to employ Sullivan, and Sullivan agrees to accept such employment for a term of approximately two and a half years. Paragraph 1 of the draft employment contract, Exhibit A to Instrument 16.  It further specifies that Sullivan may not compete with Leor LLC for twelve months after termination of Sullivan's employment, regardless of cause.  *Id*. at Paragraph 11(c) These provisions alone establish that the draft employment agreement was not capable of being performed within one year, and under the Texas statute of frauds, cannot be enforced unless signed by the party being charged.   The draft employment contract does contemplate that either party may terminate the agreement "without cause" before the expiration of the contract term, but it does so in the context of setting forth certain remedies in the event that either side prematurely terminates the agreement. A contract for a term longer than one year is not taken out of the statute of frauds, however,  because there is a mere possibility of termination within one year due to contingent events set forth in the contract. *Collins v. Allied Pharm. Mgmt., Inc.*, 871 S.W. 2d 929, 934 (Tex. App.–Houston [14th Dist.], 1994, no pet.).

Furthermore, Sullivan's assertion that he "fulfilled his obligations under the contract" does not establish a part performance exception to the statute of frauds. Paragraph 13 of Instrument No. 14.   The first amended complaint does not allege that Sullivan was not paid for his services.

Rather it alleges that "Leor has refused to honor the contract and pay Sullivan the contracted amount for his services. Accordingly, Sullivan is entitled to the numerous remedies provided in paragraph 3 of the contract including, but not limited to severance pay of $180,000." In their briefing the Defendants maintain that Sullivan was paid a salary for his approximately two months of services, and Sullivan does not contest this fact. In Sullivan's response to the motion to dismiss he states

> Defendants contend that Sullivan's claims for *quantum meruit* and unjust enrichment should be dismissed solely on the pleadings because Sullivan has not pled that he was not compensated for the services he rendered to Leor. Clearly, from the face of the pleadings, and assuming all material facts contained in the amended complaint are true, Sullivan has met this burden. First, Sullivan has pled that before he agreed to work for Leor, the parties agreed that the value of his services would include a salary, <u>additional compensation provisions, and equity in the entity</u>. [emphasis in the original] Sullivan further pleads that he was not paid by Leor the full value of his services. Sullivan has sufficiently pled that he was not fully compensated for the value of the work he performed for Leor. . . .

Instrument No. 18 at 16.

Clearly, then Sullivan is not seeking compensation for his services, but the benefits of the bargain he negotiated with the defendants, which was never finalized. It is Texas law that rendition of services in exchange for salary is not performance that will take the employment agreement outside the statute of frauds. "Performance of an alleged oral agreement in order to remove the agreement from the operation of the statute of frauds, must be unequivocally referable to the agreement and corroborative of the fact that a contract was actually made." *Wiley v. Bertelsen*, 770 S.W. 2d 878, 882 (Tex. App. –Texarkana, 1989), *citing Chevalier v. Lane's, Inc.*, 147 Tex. 106, 213 S.W. 2d 530 (1948). "What is done must itself supply the key to what is promised." *Id*. A service rendered in exchange for a salary does not take an oral contract outside the statute of frauds "because the services are fully explained by the salary without supposing any additional

consideration. *Id.*, *citing* *Choleva v. Spartan Aviation, Inc.*, 524 S.W. 2d 739, 742 (Tex. App.–Corpus Christi, 1975, no writ); *Anderson v. Paschall*, 60 S.W. 2d 1087 (Tex. Civ. App.–Fort Worth 1933) *aff'd* 127 Tex. 251, 91 S.W. 2d 1050 (Tex. Comm'n App. 1936, opinion adopted.). *Cf.* *Barnett v. Legacy Bank*, No. 11-02-00114-CV, 2003 WL 22358578, at *7 (Tex. App. – Eastland, Oct. 16, 2003, pet. denied); *Daesaeng Corp. v. Stone*, 1997 WL 557091, at *4 (Tex. App.–Dallas Sep. 9, 1997, pet. denied).

Moreover, Texas law provides that partially performed contracts are not subject to the statute of frauds only "if the denial of the enforcement would amount to a virtual fraud." *Barnett v. Legacy Bank of Texas*, No. 11-02-00114-CV, 2003 WL 22358578, at * 7 (Tex. App.–Eastland, pet. denied), *citing Carmack v. Beltway Development Company*, 701 S.W. 2d 37, 40 (Tex. App. – Dallas 1985, *no writ*)

*Barnett v. Legacy* held, relying upon *Exxon Corporation v. Breezevale Limited*, 82 S.W. 3d 429, 439 (Tex.App.–Dallas 2002,pet. denied) held:

> The fraud arises when there is strong evidence establishing the existence of an agreement and its terms; when the party acting in reliance on the contract has suffered a substantial detriment for which he has no adequate remedy; and when the other party, if permitted to plead the statute, would reap an unearned benefit. . . . The partial performance must be "unequivocally referable to the agreement and corroborative of the fact that a contract actually was made. . . . The acts of performance relied upon to take a parol contract out of the statute of frauds must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced; otherwise, they do not tend to prove the existence of the parol agreement relied upon by the plaintiff.

*Barnett*, at *7.

*Exxon v. Breezevale,* at 440 held that part performance did not operate to take an alleged contract outside the Texas statute of frauds where the plaintiff's provision of services to Exxon was not unequivocally referable to the alleged oral contract when the parties admitted they

were in the process of negotiating a written services contract.  Even if the plaintiff's performance could remove the statute of frauds' bar on enforcement, it could only do so to the extent plaintiff suffered reliance damages; plaintiff could not recover contract damages, including the allegedly promised rights in Exxon's future business venture.  It is precisely these contract damages, among others, that Sullivan seeks through his partial performance allegations.

Sullivan cleverly has not, and cannot, allege a set of facts that would state a claim for partial performance to take his case out of the statute of frauds.  Sullivan's arguments that his services to Defendants constituted part performance, thus taking the contract outside the statute of frauds, are of no avail.

Next Sullivan attempts in his first amended complaint to recover contract damages by way of a claim for *quantum meruit* and unjust enrichment.  He has alleged no facts to establish that he did not receive value for the services he rendered or that the defendants were unjustly enriched.  Under these theories there is a presupposition that there is no contract; the court in equity must imply a contract to prevent a defendant from being unjustly enriched from the receipt of services for which he has not paid or which he obtained by way of fraud, duress, or taking undue advantage.  *Heldenfels Bros. Inc. v. City of Corpus Christi*, 832 S.W. 2d 39, 41-42 (Tex. 1992) Because *quantum meruit* and unjust enrichment arise in equity, only restitution may be recovered, not contract damages.  Nevertheless, Sullivan's *quantum meruit* allegations in the first amended complaint first incorporates the first 17 paragraphs of the complaint and further alleges the various "valuable services to Leor" that he rendered.  In paragraph 20 he does not allege that he was not compensated by the defendants, but "Leor has refused to fully compensate Sullivan for the value of his services and as such is liable to Sullivan in *quantum meruit*."  By "fully compensate," Sullivan clearly means the compensation set forth in the unsigned draft employment contract. He is seeking contract damages. Paragraph 18-20 of Instrument No. 14.

Similarly in the unjust enrichment allegations, Sullivan incorporates the first twenty paragraphs of the first amended complaint and alleges in paragraph 22, "Leor induced Sullivan to work in its employ and utilized Sullivan's name and reputation to its benefit without fully compensating or intending to fully compensate Sullivan. . . .Leor obtained a benefit from Sullivan by way of fraud, duress, or the taking of an undue advantage of Sullivan." Paragraph 22 of Instrument No. 14. Sullivan pleads no facts alleging that defendants obtained a benefit from him by means of "fraud, duress, or taking of undue advantage" which would be unconscionable to retain. *Heldenfels Bros.* at 41; *Matagorda County v. Texas Ass'n of Counties County Government Risk Management Pool*, 975 S.W. 2d 782, 785. (Tex. App. – Corpus Christi 1998), *affirmed* 52 S.W. 3d. 128 (Tex. 2000). Sullivan alleges the existence of "fraud, duress or the taking of an undue advantage" as sheer boilerplate. He never reveals in the second amended complaint that he performed services under duress, and he cannot establish fraud or "undue advantage" because he has not pled any detriment to himself, aside from his efforts in performing the services.

For both unjust enrichment and *quantum meruit,* Sullivan is seeking certain contract remedies, which cannot be recovered pursuant to these causes of action. Texas law is clear that *quantum meruit* and unjust enrichment cannot be used to enforce a contract, but merely permit restitution of the reasonable value of services provided. *Kern v. GE Capital Info. Tech. Solutions,* No. 01-CV-2109-P, 2003 WL 22433817 (N.D. Tex. Feb. 19, 2003); *Shannon v. S. Co. Energy Mktg.*, L.P., No. 14-01-01165-CV, 2002 WL 1733243 (Tex. App.–Houston [14th Dist.] July 25, 2002, no pet.).

Sullivan argues two estoppel allegations to take the employment contract outside the statute of frauds. Paragraphs 25 through 28 of Instrument No. 14. Paragraphs 25 and 26 allege "Equitable or Promissory Estoppel." Paragraphs 27 and 28 allege "Detrimental Reliance." Texas case law holds that there is no separate tort of detrimental reliance. Rather claims for detrimental

reliance are treated as claims for promissory estoppel.  *Garner v. Corpus Christi Nat'l Bank*, 944 S.W. 2d 469, 480 (Tex. App.–Corpus Christi, 1997), *cert. denied* ___U.S. ___, 119 S. Ct. 410 (1998); *Hardy v. Dayton Hudson Corp*., No. CA 3:97-CV-2727-R, No. CA 3:97-CV-2727-R, 1999 WL 324659  at *7 (N.D. Tex. May 18, 1999).  This separate claim expressed in Paragraphs 27 and 28 will be dismissed.

Sullivan's response to the motion to dismiss the promissory and equitable estoppel causes of action makes clear that he is alleging these theories as further means to take his case out of the statute of frauds.  Instrument No. 18, at11-13.  Each of the cases he cites in support of the promissory estoppel argument, *Southmark Corp. v. Life Investors, Inc*., 851 F.2d 763 (5th Cir. 1988), *English v.. Fischer*, 660 S.W. 2d 521 (Tex. 1983); *"Moore" Burger, Inc. v. Phillips Petroleum* Co., 492 S.W. 2d 934 (Tex. 1972); *EP Operating Co. v. MJC Energy Co.*, 883 S.W. 2d 263 (Tex. App.–Corpus Christi 1994, writ denied), hold that plaintiffs may only estop a statute of frauds defense by alleging and proving that the alleged contract was reduced to writing and the promise relied upon was defendant's promise to execute the document in question.  In order to estop the Defendants from invoking a statute of frauds defense, Sullivan  must allege (1) that the parties' oral agreement had been reduced to writing; (2) that the Defendants promised to sign that existing written agreement; and (3) that Sullivan relied on the Defendants' promise to sign the agreement to his detriment.  *Exxon Corp*., 82  S.W. 3d at 438; *Sonnichen v. Baylor Univ*., 47 S.W. 3d 122, 126 (Tex. App.–Waco 2001, no pet.); *Daesaeng Corporation v. Stone,* 1997 WL 557091 (Tex.App.–Dallas September 9, 1997, pet. denied).   Sullivan does not make these allegations.  In the Factual allegations set forth in Paragraph 11 of the first amended complaint, Instrument No. 14, Sullivan alleges "In June of 2005, Sullivan conducted a due diligence review of Leor and its subsidiary companies and reviewed draft employment agreements provided to him by Leor."  He goes on to allege, "[R]epresentatives of Leor met with Sullivan to discuss the basic terms of the employment.

The parties later agreed upon the basic terms of the agreement and contemplated a final execution of Sullivan's employment agreement." In paragraph 24 of Instrument No. 14 Sullivan alleges, "Leor also represented to Sullivan that the parties had an agreement regarding Sullivan's employment, and that it would execute the employment contract." In Paragraph 26 of Instrument No. 14 Sullivan alleges "Leor promised to employ Sullivan and execute a binding employment agreement in exchange for Sullivan's services as its President and CEO." In order to take a case out of the statute of frauds through promissory estoppel the plaintiff must claim that the final agreement was reduced to writing and needed only to be signed and that the defendant promised to sign that existing agreement, but did not. Finally he must allege that he relied upon that promise to sign the agreement to his detriment. Sullivan did not make those allegations; he did not attach a copy of alleged finalized agreement, and he did not himself sign the draft agreement provided by the Defendants.

Although in his response Sullivan attempts to distinguish promissory and equitable estoppel, *cf.* Instrument No. 18 at 11-13, both defenses to the statute of frauds require that the plaintiff suffer a detrimental reliance. Sullivan cites *EP Operating Co. v. MJC Energy Co.* 883 S.W. 2d 263, 268, Tex. App.–Corpus Christi, 1994, writ denied), which explains

> To establish an equitable estoppel sufficient to preclude the statute of frauds defense, [plaintiff] had the burden to raise and prove in the trial court: (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge, or the means of knowledge of those facts; (5) who detrimentally relied upon the misrepresentation. [citations omitted].
> . . .
> [Plaintiff's] reliance on equitable estoppel with regard to representations of an existing agreement is analogous to reliance on the theory of promissory estoppel with regard to representations that such an agreement will be signed in the future. The doctrine of promissory estoppel provides that when a party makes a promise and reasonably expects the promisee to rely on that promise by acting or refraining from acting in some manner, in order to avoid injustice, the promise is binding against the promisor. {citations omitted]

*EP Operating Co. v. MJC Energy Co.*, 883 S.W. 2d at 283.

Both theories, in the instant case, would seem to meld into one, inasmuch as the key ingredient is reliance. At page 11 of his response (Instrument No. 18), Sullivan acknowledges that both estoppel claims require foreseeable reliance and substantial detriment. He has failed, however, to allege a promise by the Defendants that the Defendants should have expected would lead Sullivan to some definite and substantial injury. *Opus South Corp. v. Limestone Construction, Inc*., No. 03-CV-0711-G, 2003 WL 22329033, at *6  (N.D. Tex. 2000.). Sullivan also did not allege facts to show that the only way to avoid or remedy his injury is by enforcement of the promise to sign the contract. *Exxon Corp*., 82 S.W. 3d at 438.  Detriment, for purposes of estoppel is not defined in terms of a party's expectation under a contract, but by the loss incurred by the party in acting on the alleged promise. *Lone Star Milk Producers, Inc. v. Dairy Farmers of Am., Inc*., 2001 WL 1701532, at *2 (E.D. Tex. Jan 22, 2001) Sullivan's reliance damages would be limited to the amount of money it would take to restore him to the position he was in, prior to the point at which he acted upon Leor's alleged promise. *Id.*  Sullivan makes no allegations of substantial and detrimental change to his position in his first amended complaint.   He alleges that he was employed by Leor less than half-time for about two months.  Paragraphs 7-13 of Instrument No. 14.  He does not, however, indicate what his position was prior to working for Leor or that that position was any different from his position after his employment with Leor was terminated.  He alleges no compensable detriment, but claims repeatedly benefit of the bargain damages.  In his response to the motion to dismiss Sullivan maintains, for example, "Sullivan did not receive full compensation for his services to the company.  In addition to not receiving his severance pay, he also did not receive from Defendants an interest in the entity which was to own the Robertson County properties as promised." Instrument No. 18 at 12.  Estoppel does not permit the recovery of contract damages, only reliance

damages. The failure to allege reliance damages justifies dismissal of the claims. *Lone Star Milk Producers*, 2001 WL 1701532 at *2.

Finally, Sullivan's fraud claim must be dismissed because it does not satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to allege specifically the time, place, and contents of the alleged false representations, as well as the identity of the person making the misrepresentations and what that person obtained as a result of the misrepresentation. *Williams v. WMX Technologies*, 112 F.3d 175, 177 (5th Cir.), *cert denied*, 522 U.S. 9676 (1997); *In the Matter of Haber Oil Co.*, Inc., 12 F.3d 426, 439 (5th Cir. 1994). In paragraphs 9, 11-14, and 24 of the amended complaint, Sullivan argues in this response to the motion to dismiss, he pled fraud with the particularity mandated by Rule 9(b). Although Sullivan's allegations are made in some detail, they do not identify the who, what, where, and when required by Rule 9(b). Nor does Sullivan identify which person allegedly made the false representations he alleges, and he does not state on behalf of which entity the unidentified speaker acted when the misrepresentations he alleges were made. He dos not state when the representations were made, whether it was before Sullivan accepted employment with the Defendants or during the employment. Furthermore, Sullivan does not describe any intent by Leor to induce reliance, the circumstances of his reliance, or the substantial detriment he incurred as a result of this reliance. This failure justifies the dismissal of the fraud claim pursuant to Rule 12(b)(6). The fraud claim is no more than a restatement of the contract claim with a reference to the fraud elements. This does not satisfy Rule 9(b)'s particularity requirements. *Kleck v. Bausch & Lomb, Inc.*, 145 F. Supp. 2d 819, 828 (W.D. Tex. 2000)

In his response to the motion to dismiss Sullivan argues that even if the statute of frauds bars his claims and prevents benefit of the bargain damages, his fraud claim would permit out of pocket damages. Instrument No. 18, at 18-19. *Haase v. Glazner*, 62 S.W. 3d 795, 799 (Tex.

2001). He further contends in the response that the lost severance pay and equity in a future entity represent out of pocket costs that he may recover, notwithstanding the statute of frauds. Instrument No. 18, at 19. Again, Sullivan is seeking benefit of the bargain damages. Out of pocket damages are damages suffered by a plaintiff in reliance on the defendant's misrepresentations, not hoped-for future contract benefits. *Id*. at 799-800. Accordingly, it is hereby

ORDERED that Plaintiff's Amended Complaint will be dismissed with prejudice in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Signed at Houston, Texas, this 28th day of September, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE